# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEITH DECKER,** : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:17-2191** |
| v. : | **(JUDGE MANNION)** |
| **MICHAEL JORDAN and STATE** : | |
| **FARM MUTUAL AUTOMOBILE** | |
| **INSURANCE COMPANY**[1]**,** : | |
| **Defendants** : | |

## MEMORANDUM

Pending before the court is the plaintiff's motion to remand. (Doc. 6). Based upon the court's review of the motion and related materials, the plaintiff's motion will be denied.

The plaintiff filed the instant action stemming from an automobile accident against defendants Michael Jordan and UIM insurer State Farm Mutual Automobile Insurance Company, ("State Farm"), in the Court of Common Pleas of Pike County on or about September 12, 2017. After the complaint was filed, defendant Jordan settled all claims against him for the full policy limits of his coverage. On October 30, 2017, service was effected upon State Farm, which timely removed the matter to this court on November 29, 2017. (Doc. 1).

---

[1] State Farm Mutual Automobile Insurance Company has provided that it has incorrectly been identified as "State Farm Insurance Company". The Clerk of Court has been directed to correct the docket in this matter to properly identify this defendant.

On December 13, 2017, the plaintiff filed the instant motion to remand arguing that this court should remand the matter to the Court of Common Pleas of Pike County because there is not unanimity of all defendants for removal and because defendant State Farm has not properly alleged the citizenship of the parties at the time the complaint was filed. (Doc. 7).

With respect to lack of unanimity, the plaintiff argues that defendant Jordan did not join in the notice of removal or consent to State Farm's removal by separate filing. Because State Farm filed its notice of removal without the unanimous consent of all defendants, the plaintiff argues that State Farm's removal is defective.

The parties agree that the removal statute, 28 U.S.C. §1446, has been construed to require unanimity among the defendants. See Balazik v. Cnty. of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995); Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985). However, the unanimity rule may be disregarded where a non-joining defendant is a nominal party. Balazik, 44 F.3d at 213 n. 4. Nominal parties are those without a real interest in the litigation. Bumberger v. Ins. Co. of N. Am., 952 F.2d 764, 767 (3d Cir. 1991).

Here, the court finds that defendant Jordan is a nominal party. Defendant State Farm has provided documentation which indicates that defendant Jordan has settled all claims against him for the full policy limits of his coverage and has been released from any claims that the plaintiff may

2

have against him arising out of the automobile accident which is the subject of the instant litigation. Because defendant Jordan has no real remaining interest in the instant litigation, he is a nominal party from whom consent is not required. See Hagan v. Leon, Civil Action No. 3:17-2155 (January 3, 2018) (Mariani, J.) (denying motion to remand finding, in part, that defendants were nominal parties and consent to removal was not required where defendants settled the claims against them for the full policy limits of their coverage and were released from any claims against them arising out of automobile accident). The plaintiff's motion to remand will be denied on this basis.

The plaintiff also argues that defendant State Farm's notice of removal is facially defective because State Farm failed to sufficiently allege each party's citizenship at the time the complaint was filed in its notice of removal and, instead, only alleged citizenship as of the date of the notice of removal. Upon review, the notice of removal provides that ". . . **on the date of the subject incident**, Plaintiff Keith Decker was a citizen of the Commonwealth of Pennsylvania, who resided at 104 Samantha Lane, Shohola, Pike County, Pennsylvania 18458 . . . It is further believed that plaintiff remains a citizen of the Commonwealth of Pennsylvania, as of the date of the filing of this Petition for Removal." (Doc. 1, ¶2) (emphasis added). Further, the notice of removal provides that State Farm "is an Illinois corporation in the business of

3

insurance, with its principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710, **at the time of the commencement of this action** as well as at the time of the filing of this Petition for Removal." (Id. at ¶9) (emphasis added). Thus, despite the plaintiff's claim to the contrary, defendant State Farm not only alleged the parties' citizenship at the time of the notice of removal, but also as of the time of the commencement of the instant action. As such, the plaintiff's motion to remand will be denied on this basis as well.

For the reasons discussed above, the plaintiff's motion to remand will be denied. An appropriate order shall issue.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 4, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-2191-01.wpd